**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLES JOHNSON, Jr.,

  Petitioner - Appellant,

v.

JAMES WALKER,

  Respondent - Appellee.

No. 10-16996

D.C. No. 2:09-cv-01455-WBS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted July 12, 2011[**]

Before:  SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

California state prisoner Charles Johnson, Jr., appeals pro se from the district

court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely.  We

have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Johnson contends that his federal habeas petition is not barred because the

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

one-year statute of limitations provided for by the Antiterrorism and Effective Death Penalty Act was not triggered until he discovered the factual predicate for his ineffective assistance of counsel claim, which occurred when he realized that (1) he had a meritorious claim for challenging his prior convictions, and (2) his sentencing judge should have recused himself. This contention lacks merit. *See* 28 U.S.C. § 2244(d)(1)(D); *see also Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (stating that the statute of limitations begins to run when the prisoner knows, or through diligence could discover, the important facts, not when the prisoner recognizes their legal significance).

**AFFIRMED.**